CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
APR 07 2016
JULIA C. DUDLEY, CLERK
BY: HMcDonoop
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RONALD FONTANES,<br>    Petitioner, | Civil Action No. 7:15-cv-00404 |
| v. | MEMORANDUM OPINION |
| WARDEN ZOOK,<br>    Respondent. | By:  Hon. Jackson L. Kiser<br>       Senior United States District Judge |

Ronald Fontanes, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge convictions from the Circuit Court of Shenandoah County. Respondent filed a motion to dismiss, and Petitioner responded, making the matter ripe for disposition. After reviewing the record, I grant Respondent's motion to dismiss because Petitioner is not entitled to habeas relief.

## I.
### A.

Petitioner is being held pursuant to a judgment of the Circuit Court of Shenandoah County entered on May 9, 2001, after a jury convicted him of entering a bank while armed, possession of a firearm by a convicted felon, robbery, abduction, and two counts of using a firearm. Petitioner was sentenced to 63 years' imprisonment with 10 years suspended. Petitioner's direct appeals to the Court of Appeals of Virginia and Supreme Court of Virginia were unsuccessful.

On February 28, 2003, Petitioner filed a petition for a writ of habeas corpus with the Supreme Court of Virginia. Petitioner had raised a claim that his attorney rendered ineffective assistance for not obtaining DNA testing of a hair found on a white glove at the crime scene. Petitioner had believed that DNA testing would have revealed a different suspect.

The Supreme Court of Virginia dismissed this claim along with the rest of the petition:

> [T]he evidence of petitioner's guilt was overwhelming. Petitioner robbed a bank where he had been a customer, thereby enabling the victim to identify him by both sight and voice. He was captured fleeing from the bank, with the exact amount of money taken from the bank, a bank deposit bag and a red bandana similar to that worn by the robber. The victim had been bound with duct tape that matched duct tape found on a roll in the petitioner's pocket, and petitioner admitted his guilt to an inmate at the jail where he had been incarcerated.

Fontanes v. Warden of the Sussex I State Prison, No. 030448, slip op. at 2-3 (Va. July 16, 2003).

Petitioner then filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Virginia. Petitioner again argued, inter alia, that counsel rendered ineffective assistance by not obtaining DNA testing of the hair. The District Court reviewed and dismissed this claim on the merits pursuant to 28 U.S.C. § 2254(d):

> [Petitioner] is unable to establish prejudice as there was ample evidence supporting his convictions. First, the bank teller, who was abducted during the robbery, testified that she identified [Petitioner] by recognizing his voice because, during regular business hours, he was a bank customer. Second, Investigator Thomas and Sergeant Peery both testified that when [Petitioner] was patted down they found on [Petitioner]'s person the bank deposit bag and $5,284, the amount stolen from the bank. Additionally, the same duct tape, which had been used to bind the bank teller, was found in the jacket worn by [Petitioner]. Finally, according to . . . an inmate at the jail where [Petitioner] was incarcerated, [Petitioner] admitted that he had committed the bank robbery. Thus, [Petitioner] is unable to establish that but for counsel's alleged failure to request the DNA testing of the hair found on the white glove, the result of the proceeding would have been different. Therefore, the Court cannot conclude that the Supreme Court of Virginia acted unreasonably or contrary to federal law in dismissing [this] claim . . . for failure to satisfy either the "performance" or the "prejudice" prong of the two-part test enunciated in Strickland.

Fontanes v. True, No. 1:04cv43, slip op. at 9-10 (E.D. Va. Oct. 26, 2004). Petitioner's appeal to the Court of Appeals for the Fourth Circuit was dismissed. Fontanes v. True, 129 F. App'x 41, 42 (4th Cir. Apr. 15, 2005).

2

Petitioner returned to the Supreme Court of Virginia with a state habeas petition, which was dismissed sua sponte as time-barred and successive. Fontanes v. Dir. of the Dep't of Corr., No. 080678, slip op. (Va. June 9, 2008). Petitioner's petition for extraordinary relief filed with the Court of Appeals for the Fourth Circuit was also unsuccessful. In re: Ronald Fontanes, 300 F. App'x 213, 213 (4th Cir. Nov. 18, 2008). Petitioner next filed a state habeas petition with the Circuit Court of Shenandoah County, which dismissed it sua sponte as time barred and successive. Fontanes v. Clarke, No. CL13-257, slip op. at 2 (Shenandoah Cnty. Cir. Ct. Oct. 8, 2013).

Undeterred, Petitioner filed a motion for DNA testing of the hair pursuant to Virginia Code § 19.2-327.1 with the Circuit Court for Shenandoah County on November 8, 2013.[1] After the Commonwealth filed its response, the Circuit Court denied the motion on October 31, 2014.[2] The Court of Appeals of Virginia dismissed the subsequent appeal because "an action under [Virginia Code § 19.2-327.1] shall not form the basis for relief in any habeas corpus proceeding or any other appeal." Fontanes v. Commonwealth, No. 2044-14-4, slip op. (Va. Ct. App. Dec. 5, 2014).

### B.

Petitioner next sought review in federal court by filing a self-styled petition for "Federal Habeas Corpus" with the United States District Court for the Eastern District of Virginia. That court construed the request as pursuant to 28 U.S.C. § 2254 and transferred it to this court.

---

[1] Virginia Code § 19.2-327.1 allows a convicted felon to apply to a state circuit court for DNA testing if, inter alia, the biological evidence was not subjected to the current DNA testing method and the testing is "materially relevant, noncumulative, and necessary and may prove the convicted person's actual innocence."

[2] On December 11, 2013, the Circuit Court ordered the Commonwealth's Attorney to file a response within 30 days. When no response was received, the Circuit Court asked the Commonwealth's Attorney whether a response would be filed. The Commonwealth's Attorney answered affirmatively, and the Circuit Court directed that the Commonwealth's Attorney explain the delay. After the Commonwealth's Attorney explained the delay, the Circuit Court allowed a late response, was filed on August 14, 2014, opposing Petitioner's request.

Upon receiving the case, this court advised Petitioner that he needed to file a petition in compliance with the Rules Governing Section 2254 Cases and directed him to complete a form § 2254 petition. Notably, the court also explained that the refiled petition "will replace his prior submissions and the properly executed verified petition will constitute the only petition for a writ of habeas corpus for this action."

Petitioner assented to the conditions of the Order and filed a completed form § 2254 petition. Petitioner now presents three claims:

1. "Vio[la]tion to have DNA testing after [Petitioner] filed a motion for DNA";
2. "Violation by the courts when the Courts allowed the Commonwealth to file a late motion after 8 month[s] after [the] Dec[ember] 11, 2013, court order for DNA testing"; and
3. "The Circuit Court denied my DNA testing after [its] order for DNA testing on December 11, 2013."[3]

## II.

Petitioner did not note on the petition whether he seeks DNA testing as the sole remedy for the habeas petition. To the extent he does so, the petition must be dismissed. A court must "focus[] on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson v. Dotson, 544 U.S. 74, 81 (2005). A claim for DNA testing, even if successful, would not "necessarily spell speedier release" from custody because ordering DNA testing would not impact the length of Petitioner's incarceration. See, e.g., Skinner v. Switzer, 562 U.S. 521, 534-35 (2011). Thus, such relief does

---

[3] As noted in footnote 2, the Circuit Court did not order DNA testing, as Petitioner asserts, but merely directed the Commonwealth's Attorney to file a response to the motion for DNA testing.

4

not lie within "the core of habeas corpus" and may be brought, if at all, under § 1983 to challenge procedural due process. Id.

To the extent Petitioner seeks a quicker release from custody via this petition, it must also be dismissed. Petitioner's claims challenge the state court's disposition of a motion pursuant to Virginia Code § 19.2-327.1. A federal court may grant habeas relief from a state court judgment "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

> [I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-69 (1991); Wright v. Angelone, 151 F.3d 151, 157 (4th Cir. 1998) ("It is black letter law that a federal court may grant habeas relief only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." (quotation marks omitted)). Because this particular argument rests solely upon an interpretation of [state] statutory law, it is simply not cognizable on federal habeas review.

Larry v. Branker, 552 F.3d 356, 368 (4th Cir. 2009). Similarly, defects in state habeas procedures do not constitute grounds for relief in federal court because a claim about an error in post-conviction proceedings represents an attack on a collateral proceeding, not to the detention itself. Trevino v. Johnson, 168 F.3d 173, 180 (5th Cir. 1999); Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988). To the extent Petitioner contends that the state circuit court erroneously applied Virginia Code § 19.2-327.1 to adjudicate his motion, I lack jurisdiction over the claim under the Rooker-Feldman doctrine.[4] Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

---

[4] See Rooker v. Fidelity Trust Co., 263 U.S. 413, (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

5

Furthermore, there is no substantive due process right to post-conviction DNA testing. The Supreme Court of the United States explained in District Attorney's Office v. Osborne, 557 U.S. 52, 72 (2009):

> [Osborne] asks that we recognize a freestanding right to DNA evidence untethered from the liberty interests he hopes to vindicate with it. We reject the invitation and conclude, in the circumstances of this case, that there is no such substantive due process right. "As a general matter, the Court has always been reluctant to expand the concept of substantive due process because guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended." Collins v. Harker Heights, 503 U.S. 115, 125 (1992). Osborne seeks access to state evidence so that he can apply new DNA-testing technology that might prove him innocent. There is no long history of such a right, and "[t]he mere novelty of such a claim is reason enough to doubt that 'substantive due process' sustains it." Reno v. Flores, 507 U.S. 292, 303 (1993).

Virginia Code § 19.2-327.1(A) affords Petitioner the ability to seek the testing of evidence under certain conditions. Specifically, Petitioner could:

> [A]pply for a new scientific investigation of any human biological evidence if: (i) the evidence was not known or available at the time the conviction . . . became final in the circuit court or the evidence was not previously subjected to testing because the testing procedure was not available at the Department of Forensic Science at the time the conviction or adjudication of delinquency became final in the circuit court; (ii) the evidence is subject to a chain of custody sufficient to establish that the evidence has not been altered, tampered with, or substituted in any way; (iii) the testing is materially relevant, noncumulative, and necessary and may prove the actual innocence of the convicted person . . .; (iv) the testing requested involves a scientific method employed by the Department of Forensic Science; and (v) the person convicted . . . has not unreasonably delayed the filing of the petition after the evidence or the test for the evidence became available at the Department of Forensic Science.

Virginia Code § 19.2-327.1(A).

Petitioner has not shown that the Circuit Court of Shenandoah County's consideration of the motion for DNA testing "offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental" or "transgresses any recognized

principle of fundamental fairness in operation." Osborne, 557 U.S. at 69. Petitioner filed the motion twelve years after his conviction, sought scientific testing that was available at the time of his sentencing, did not allege that the chain of custody had been preserved for twelve years, and has not demonstrated that testing would establish his actual innocence.

### III.

For the foregoing reasons, the petition does not establish a basis for federal habeas relief under 28 U.S.C. § 2254. Accordingly, I grant Respondent's motion to dismiss and dismiss the petition. Based upon my finding that Petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

ENTER: This 7th day of April, 2016.

*[signature]*
Senior United States District Judge